**PLANTERS TRUST & SAVINGS BANK**

v.

**W.T. LANGLEY, et al.**

**Civ. A. No. 83–2612 L.**

United States District Court,
W.D. Louisiana,
Lafayette-Opelousas Division.

June 20, 1985.

William C. Shockey, Baton Rouge, La., for W.T. and Mary Langley.

David S. Rubin, Baton Rouge, La., for Federal Deposit Ins. Corp.

W. Shelby McKenzie, Baton Rouge, La., for Federal Land Bank of Jackson.

## MEMORANDUM RULING

DUHE, District Judge.

On March 8, 1982, W.T. Langley and Mary Ann Langley executed a promissory note in the amount of $468,124.41, made payable to Planters Trust and Savings Bank. The Langleys defaulted and Planters Bank instituted an action in state court in September 1983 to recover the balance due on the note. That action was subsequently transferred to this Court, and consolidated with other actions arising out of the collapse of the Planters Bank in May 1984. Among those actions were certain claims by the Langleys against Planters Bank.

In May 1984, Planters Bank was closed by the Commissioner of Financial Institutions for the State of Louisiana. The Federal Deposit Insurance Corporation (FDIC) was appointed receiver of Planters Bank. Subsequent to its appointment as receiver of the Planters Bank, the FDIC in its corporate capacity acquired all of the assets of Planters, including the note at issue in this matter. The FDIC now moves for summary judgment against the Langleys as to their liability on the note.

## I. THE CLAIM ON THE NOTE

The Langleys contend that they are not liable on the note because of fraudulent inducement by officers of Planters. Specifically, they allege that officers of Planters misrepresented certain essential facts about real property which was the consideration for the note. In response, the FDIC argues that 12 U.S.C. § 1823(e) shields it from any affirmative defenses the Langleys might have on the note.

12 U.S.C. § 1823(e) provides:

No agreement which tends to diminish or defeat the right, title, or interest of the Corporation in any asset acquired by it under this section, either as security for a loan or purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank.

The question presented to this Court is whether § 1823(e) bars extrinsic proof that a written document in fact does not reflect any valid agreement.

The Fifth Circuit has not yet answered this question. In *FDIC v. Lattimore Land Corporation*, 656 F.2d 139 (5th Cir.1981), the defendants-makers on a promissory note alleged fraud in the inducement which vitiated the obligation. The Court concluded that the defendants had not made a sufficient showing of fraud in the inducement under state law and avoided resolving the question of whether § 1823(e) protects the FDIC from such affirmative defenses. The Court, however, noted that:

Our failure to put this case on that ground does not indicate that our answer to that question would be negative. Although there is authority holding that the FDIC is subject to the defense of fraud in the inducement, *FDIC v. Webb*, 464 F.Supp. 520, 525 (E.D.Tenn.1978), there is also authority holding that the FDIC takes its interest free of such defenses either because § 1923(e) gives the FDIC the same protection available to a holder in due course, *FDIC v. Rockelman*, 460 F.Supp. 999, 1002 (E.D.Wis. 1978). ... Without entering a holding on this ground we simply note that, to this Court, an assertion of this defense against the FDIC seems merely to con-

vert a claim of breach into a claim of fraud. If an obligor may successfully void a note and recoup damages against the FDIC based on claim of fraudulent inducement from an unwritten agreement, he will have made an end run around § 1823(e) by asserting as fraudulent the same unwritten agreement of which a breach resulting in damages may not under § 1823(e) be asserted against the FDIC. 656 F.2d at 146, f.n. 13.

This dicta by the 5th Circuit is in accord with a number of lower court cases. See, e.g., *FDIC v. Rodenberg*, 571 F.Supp. 455 (D.Md.1983).

However, there is authority for the Langleys' proposition that § 1823(e) does not encompass situations where the makers assert fraud in the inducement of the underlying obligation. In *Gunter v. Hutcheson*, 674 F.2d 862 (11th Cir.1982), the Court declared that:

> [T]he common thread running through these cases [where the FDIC prevailed] has been the assertion by the obligor that an oral side agreement with the bank controlled the rights of the parties. The cases, therefore, came squarely within the "no agreement ... shall be valid" language of § 1823(e). The claim asserted by the Gunters, in contrast, is quite different. The essence of their argument is that no agreement existed because of the fraud of Chattanooga Hamilton's officers. While certain of the alleged misrepresentations could be construed as "agreements" to perform certain acts in the future, such as deferring interest on the Gunters' notes, others clearly are not agreements of any sort. For example, the Gunters alleged that the chairman of the board of Chattanooga Hamilton fraudulently represented that the Hamilton banking system was in "sound financial condition." Far from claiming that an oral agreement is "valid" and controls the rights of the parties, the Gunters assert that the entire transaction was invalid from the beginning. As the district court notes, this claim is directly opposite the "shall be valid" language of § 1823(e). Consequently, we

agree with the trial court that the fraud claims at issue here are not barred by the statutory language in § 1823.

*Id.* at 867.

Given that there exists no controlling precedent on this difficult question, and that what persuasive authority which exists is conflicting, what becomes decisive for this Court is the clear policy of Congress to assist the FDIC in restoring stability after a bank failure. Permitting "end-runs" around § 1823(e) would not aid the FDIC in its efforts to avert local—and possibly broader—crises stemming from bank failures.

Accordingly, this Court holds that 12 U.S.C. § 1823(e) bars defenses of fraud in the inducement where the FDIC has assumed and is attempting to collect on a promissory note valid on its face. It is thus unnecessary to examine the question of whether the Federal common law permits the Langleys' defense.

The motion for summary judgment by the FDIC against W.T. Langley and Mary Langley is therefore granted.